* * * * * * * * * * *
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before the Deputy Commissioner and the materials before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order. Accordingly, the Full Commission affirms the Decision and Order of the Deputy Commissioner.
 * * * * * * * * * * *
Based on the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff filed an Affidavit dated April 21, 2005 in which he alleged that through the actions of defendant's named employees, he was forced to take a community college course that he did not want to take. *Page 2 
2. Plaintiff alleges that he received disciplinary action when he did not attend the classes and that his grievances were denied, resulting in an increase in his sentence and the denial of a transfer he had sought.
3. Plaintiff's Affidavit filed in this matter, on its face, alleges that the various named employees intentionally enrolled plaintiff in the course in question and disciplined him for his refusal to attend the classes.
4. Defendant filed a Motion to Dismiss plaintiff's claim on three stated bases: (1) pursuant to Rule 12(b)(1), that plaintiff alleged intentional acts and this claim is thus not properly within the Industrial Commission's jurisdiction under the Tort Claims Act; (2) pursuant to Rule 12(b)(6), plaintiff failed to allege any specific negligent acts on the part of any named employees; and (3) plaintiff was contributorily negligent.
 * * * * * * * * * * *
Based upon the foregoing Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
2. N.C. Gen. Stat. § 143-291(a) confers upon the Industrial Commission jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State. The Industrial Commission does not have jurisdiction over claims arising from intentional acts. N.C. Gen. Stat. § 143-291(a); Guthrie v. State Ports Authority, 307 N.C. 522,299 S.E.2d 618 (1983). Therefore, plaintiff's claim must be DISMISSED. N.C. Gen. Stat. § 143-291(a). *Page 3 
3. Plaintiff's allegations in the Affidavit and at the hearing before the Deputy Commissioner, taken as true, amount to allegations of intentional acts on the part of defendant.
4. Claims based on intentional acts are not within the scope of the Tort Claims Act. See N.C. Gen. Stat. § 143-291. Therefore, the Industrial Commission lacks subject matter jurisdiction over the alleged intentional acts.
 * * * * * * * * * * *
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim under the State Tort Claims Act must be and is hereby DISMISSED WITH PREJUDICE.
2. No costs are assessed, as plaintiff was permitted to file this claim in forma pauperis.
This the 20th day of February 2007.
 S/___________________ PAMELA T. YOUNG COMMISSIONER
CONCURRING: S/___________________ CHRISTOPHER SCOTT COMMISSIONER *Page 4 
 S/___________________ DIANNE C. SELLERS COMMISSIONER